## No. 6565.

SUCCESSION OF NEZILDA ST. AMANS. ON OPPOSITION TO ACCOUNT.

An administrator is not estopped by the recitals in a counter-letter, given to his intestate by one to whom the intestate had conveyed certain real estate, from

showing the purpose and circumstances of the transfer. The administrator was not a party to the counter-letter, and the evidence was against the author of the counter-letter and in the interest of the estate of the party whose lips were sealed by death. Nor is the administrator estopped by his judicial averments touching that secret transaction, the certainty and truth of which he could not fully know until the evidence developed the actual state of facts.

APPEAL from the Parish Court of Natchitoches.  MORSE, J., *ad hoc.*

*Tucker, Jack & Pierson, Merrick, Race & Foster*, for the Administrator Appellant.  *Cunningham*, for Opponent.

The administrator's account was homologated after amendment, on opposition of two heirs and a creditor.  An item of $800, paid by the administrator to Trichel was rejected, and he appealed to have that error corrected.  Trichel was apparent owner of two judgments against the deceased, both rendered while she was living, and the administrator paid him $800 in full discharge of them, the aggregate judgments exceeding this sum a little.  After this payment had been made, the administrator discovered a counter-letter, from which it appeared that Trichel did not own the judgments.  His purchase of them had been made at the instance of the judgment debtor — the deceased — and for her benefit.  The administrator brought suit to recover of Trichel the sum thus paid him in error, which he had dishonestly received and appropriated.  This suit appeared to have been compromised for a less sum than that paid to him, and the sum thus received back by the administrator was accounted for.

After stating the case,

MANNING, C. J.  The administrator offered to prove that the payment to Trichel enured to the benefit of the estate, and that at the time of payment Trichel had such an interest in the judgments as to entitle him to receive the payment, and to prove also all the circumstances accompanying and following the transfer, its object and purpose, and the means by which it was accomplished. The evidence was refused on the ground that it would contradict the recitals of the counter-letter and the judicial admissions of the administrator.

There is error in this ruling.

We do not think it material to show that Trichel had an interest in the judgments which would entitle him to receive payment of them.

The allegation is, that payment to him was made in error, for,

although he was the apparent owner of the judgments, his counter-letter was proof against him that the nominal ownership was acquired for the benefit of the estate. The administrator was not estopped from shewing the mode, purpose, and circumstances of the transfer, by the recitals of the counter-lettter, since he was not a party to it, and for the better reason that the evidence was in the interest of the estate, and against the author of the counter-letter. Nor was he estopped by the judicial admissions in his suit, consisting of allegations touching a secret transaction of his intestate with Trichel. The mouth of one of the parties to that transaction had been sealed by death. The other was interrogated as to the circumstances attending it, not for the purpose of enabling him to evade the obligation, assumed and confessed in that counter-letter, but to show why and how the transaction was put in that form, and to assist the representative of the deceased party in enforcing it.

*Judgment reversed, and case remanded with direction to receive the rejected testimony.*